<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| W. CURTIS HIMMELMAN, Individually and on Behalf of All Other Persons Similarly Situated, : : : : : Plaintiffs, : : v. : : CONTINENTAL CASUALTY COMPANY, : : Defendant. : : | Civ. No. 06-166 (GEB)<br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

      This matter comes before the Court upon the motion of defendant Continental Casualty Company ("Defendant") to dismiss and/or strike class action allegations from plaintiff W. Curtis Himmelman's ("Plaintiff") Complaint. The Court, having considered the parties' submissions and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, grants Defendant's motion to dismiss the class action allegations.

**I.  BACKGROUND**

      Plaintiff worked for Defendant, a company that issues and sells insurance policies, as a claims analyst. Defendant classified Plaintiff as exempt from the overtime requirements of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and the New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a to -56a30 ("WHL"). Plaintiff allegedly

worked in excess of eight hours per day and forty hours per week, yet was not paid overtime compensation in accordance with the FLSA and WHL.

On or about January 12, 2006, Plaintiff filed his Complaint on behalf of himself and other persons similarly situated for Defendant's violations, asserting a collective action under the FLSA and a Rule 23 class action for the WHL claim. On or about March 2, 2006, Defendant filed the instant motion to dismiss and/or strike the class allegations of Plaintiff's Complaint.

**II. DISCUSSION**

A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government

of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

  A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

  B.  State Law Class Action Allegations are Legally Incompatible with Federal Claim

  Collective actions under the FLSA are governed by 29 U.S.C. § 216(b), which establishes an opt-in scheme whereby "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Conversely, in Rule 23 class actions a prospective party plaintiff must opt out of the class upon notice of the action.  Therefore, these two schemes are inherently incompatible.  See Robinson v. Sizes Unlimited, Inc., 685 F. Supp. 442, 445 n.7 (D.N.J.

3

1988)(citations omitted)(noting the "fundamental, irreconcilable difference between" opt-out and opt-in schemes); see also LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975)(footnote omitted)(stating that Section 216(b) and Rule 23 are "mutually exclusive and irreconcilable").

This Court recently stated that "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions." Moeck v. Gray Supply Corp., No. 03-1950, slip op. at 13 (D.N.J. Jan. 5, 2006).  Therefore, in denying class certification, the Court concluded that allowing the plaintiff "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions." Id. (citation omitted).  The instant matter presents the same issues and the Court will therefore strike Plaintiff's class action allegations.  See Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J. 2003)(citations omitted)(noting that "[a] defendant may move to strike class action allegations prior to discovery in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."); Rowe v. Morgan Stanley Dean Witter, 191 F.R.D. 398, 406 n.14 (D.N.J. 1999)(citations omitted)(dismissing class allegations while noting that "[r]uling on a dispositive motion prior to addressing class certification may be appropriate, in some cases").

## III.  CONCLUSION

      For the foregoing reasons, Defendant's motion to strike the class action allegations is granted.  An appropriate form of order is filed herewith.


Dated: August 11, 2006


                                                               s/ Garrett E. Brown, Jr.
                                                              GARRETT E. BROWN, JR., U.S.D.J.